**STATE of Missouri, Plaintiff/Respondent,**

v.

**Dionshe COATS, Defendant/Appellant.**

**No. 69109.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 24, 1996.

Emmett D. Queener, Asst. Public Defender, Columbia, for Defendant/Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for Plaintiff/Respondent.

PUDLOWSKI, Judge.

Dionshe Coats (Defendant) appeals her conviction of three counts of murder in the second degree and three counts of armed criminal action. We affirm.

### I. Facts

In November 1994 Michelle Spraggins (Spraggins) lived with her children and boyfriend. On November 11, the defendant agreed to babysit Spraggins' children. Around 9:00 p.m., the defendant and her boyfriend, Willie Kent (Kent), went to Spraggins' home to return the children. LaWanda Worthy (LaWanda) and Nadine Worthy (Nadine) were at Spraggins' house when the defendant and Kent arrived. Nadine was pregnant at the time.

At Spraggins' home, the defendant and LaWanda soon began to argue. Kent and the defendant were eventually asked to leave. Upon leaving, Kent and the defendant went to the defendant's home.

When the defendant got to her house, she decided to return to Spraggins' home. Believing a fight might ensue if she returned, the defendant picked up several friends along the way. One of these people was the defendant's juvenile cousin, Lenior Coats (Lenior). Immediately before leaving the defendant's home to return to Spraggins' place, Kent placed a gun under the hood of his car.

When the defendant and her group of friends arrived at Spraggins' home, LaWanda answered the front door. The defendant and LaWanda soon got into an argument. LaWanda went back into the house and returned with two butcher knives, chasing the defendant and several other women with the knives. The defendant and the others fled to Kent's car, whereupon the defendant said, "Bitch, trying to cut me, give me the gun; I'll pop them." Kent then got the gun from

under the hood of his car and gave it to the defendant. The defendant then fired five shots, killing Nadine, Spraggins, and Nadine's unborn baby.

The defendant was charged with three counts of murder in the second degree and three counts of armed criminal action. The jury found the defendant guilty on all counts. She was then sentenced to thirty-three years. From this conviction, the defendant appeals.

## II. Defendant's Appeal

■ The defendant does not challenge the sufficiency of the evidence to support her convictions. Rather, the defendant contends the wording of jury instructions 7, 9, and 11 allowed the jury to convict her without finding she had the culpable mental state necessary to support a conviction. We disagree.

The defendant argues the wording of those three specific instructions allowed the jury to convict her in the absence of finding she had a culpable mental state. Although the defendant objected at trial based on the language of the jury instructions, her objections were overruled. Instruction number 7, as it was submitted to the jury, read:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about November 12, 1994, in the County of St. Louis, State of Missouri, the defendant or Lenior Coats caused the death of Michelle Spraggins by shooting her, and

Second, that it was the defendant's or Lenior Coats' purpose to cause serious physical injury to or to cause the death of Michelle Spraggins, then you are instructed that the offense of murder in the second degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Third, that with the purpose of promoting or furthering the commission of that murder in the second degree, the defendant acted together with or aided Lenior

Coats and Willie Kent in committing that offense, then you will find the defendant guilty under Count I of murder in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of murder in the second degree.

As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.

If you do find the defendant guilty under Count I of murder in the second degree, you will assess and declare one of the following punishments:

1. Life imprisonment

2. Imprisonment for a term of years fixed by you, but not less than ten years and not to exceed thirty years.

Instructions 9 and 11 are the same as number 7, but substituting the names of Nadine Worthy and Maurice Evans Worthy, Jr. (the name of the unborn child), respectively.

■ We first recognize these instructions accurately track MAI–CR3d 304.04, the model instruction on accomplice liability, and MAI–CR3d 313.04, the model instruction on murder in the second degree. "If an applicable criminal instruction is provided by MAI–CR, it is mandatory that the instruction be given as written [cite omitted], and an instruction which follows the format of an approved criminal instruction will not be deemed error. [cite omitted]." *State v. Hill*, 865 S.W.2d 702, 707 (Mo.App.W.D.1993).

Furthermore, this court has recognized that "criminal responsibility for the acts of another does not require common intent other than the promotion of the commission of the offense. [cite omitted]. A defendant does not need to possess the intent to commit the underlying felony in order to be convicted as an aider or abettor." *State v. Forister*, 823 S.W.2d 504, 507 (Mo.App.E.D.1992).

The defendant argues this line of reasoning does not apply to jury instructions given in a murder case. In support of her argument, the defendant points to *State v. O'Brien*, 857 S.W.2d 212, 217–218 (Mo. banc 1993), a Missouri Supreme Court case which overturned a first degree murder conviction where the instruction permitted the jury to infer the aider's premeditation simply because the aider assisted in the underlying felony. The state argues *O'Brien* is distinguishable in that it dealt with a first degree murder case where the issue revolved around premeditation and deliberation, not the aider's purpose.

In support of this line of reasoning, we find the recent decision of *State v. Hill*, 884 S.W.2d 69 (Mo.App.S.D.1994), *cert. denied* —— U.S. ——, 115 S.Ct. 1380, 131 L.Ed.2d 234 (1995), controlling. In *Hill*, the jury convicted the defendant of second degree murder. The instruction in that case required the jury to find the defendant, James Hill, "with the purpose of promoting or furthering the commission of [that crime], ... [had] acted together with Stephen Hill in committing the offense." *Hill*, 884 S.W.2d at 74. The *Hill* defendant argued on appeal the instruction "lowered the state's burden of proof by permitting a finding of guilty without a finding of the essential element of intent." *Id.* In rejecting the defendant's argument, the court noted "[a] defendant who has the 'purpose' to promote the commission of a particular offense, by definition, will have the culpable mental state required by that particular offense." *Id.* citing MAI–CR3d 304.04 (January 1, 1987), Notes on Use 5. We believe, as in *Hill*, the jury instructions in the instant action permitted the jury to find the defendant had the culpable mental state necessary to support a conviction.

Based upon the facts in this case, we believe jury instructions 7, 9, and 11 were appropriately submitted to the jury. The judgment of the trial court is affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.